

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

STEVEN PENNY,                    §
                                 §
              Plaintiff,          §
                                 §
VS.                              §    NO. 4:16-CV-190-A
                                 §
STEPHEN JUNGELS,                 §
                                 §
              Defendant.          §

<u>MEMORANDUM OPINION AND ORDER</u>

Came on for consideration the motion of defendant, Stephen Jungels, to dismiss plaintiff's amended complaint. The court, having considered the motion, the response, the record, and applicable authorities, finds that the motion to dismiss should be granted.

I.

<u>Background</u>

Plaintiff, Steven Penny, initiated this action on March 9, 2016, by filing an original complaint. On April 28, 2016, the court ordered plaintiff to replead his claims in accordance with the applicable federal standards of pleading. On May 10, 2016, plaintiff filed an amended complaint. Plaintiff's amended complaint is unclear but it appears he is asserting that defendant somehow possesses codes that he authored at

http://github.com. Plaintiff requests that defendant "delete his repository, or at a minimum remove all code authored by me."[1]

## II.

### Motion to Dismiss Standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable federal standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555 (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Id. at 555, 578 n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Iqbal, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

---

[1] Doc. 17 at 1. The "Doc. __" references are to the numbers assigned to the referenced documents on the docket of this case, No. 4:16-CV-190-A.

Moreover, to survive a motion to dismiss for failure to state a claim, the facts pleaded must allow the court to infer that plaintiff's right to relief is plausible. <u>Id.</u> at 678.  To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. <u>Twombly</u>, 550 U.S. at 566-69. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." <u>Iqbal</u>, 556 U.S. at 679.

III.

<u>Application of Law to Facts</u>

After a study of Plaintiff's Amended Complaint and a review of the applicable legal authorities, the court has concluded plaintiff has failed to allege facts that state any claim upon which relief may be granted. Plaintiff's allegations are wholly conclusory.

In addition, in his response to the motion to dismiss, plaintiff states:

> In 2014, [defendant] allowed me maintainership over the site, while holding ownership for himself. That was fine by me, as at the time I did not care about ownership, only that the project have an active maintainer. After 2 years and 92 commits of work on the project, I had a change of heart. I had watched the site grow from 100 stars to over 1,000 under my tutelage. I felt that after 3 years I should be the

3

> rightful owner of the site, as the lion share of the
> work there was done by me.[2]

Though, the court continues to be unclear as to what plaintiff is actually claiming he is entitled to or what he claims defendant has done wrong, it is clear that plaintiff concedes that defendant is the owner of the code in question. Plaintiff's mere change in heart is not enough to change whatever ownership agreement existed between the parties. Plaintiff points to no authority to support his position and the court is not aware of any. Thus, the motion to dismiss must be granted.

V.

Order

Therefore,

The court ORDERS that the motion to dismiss filed by defendant be, and is hereby, granted, and that plaintiff's claims against defendant be, and are hereby, dismissed.

SIGNED May 24, 2016.

JOHN McBRYDE
United States District Judge

---

[2] Doc. 19.